[Civ. No. 1217.  Second Appellate District.—November 27, 1912.]

THE BAKERSFIELD & VENTURA RAILROAD COM-
PANY, Respondent, v. FAIRBANKS, MORSE & COM-
PANY (a Corporation), Appellant.

ACTION FOR MONEY PAID FOR REPAIR OF MOTOR CAR—SUFFICIENCY OF
COMPLAINT.—In an action to recover money paid on account of repair
of a defective motor car purchased from the defendant, where the
first count of the complaint fully set forth the character of the
defects which the motor car developed after use, and these defects
entitled the plaintiff to damages for breach of the contract, and
alleged that defendant had attempted to repair the car and had
failed, and had then authorized plaintiff to purchase the necessary
material and employ the necessary labor for the repair of the same,
which defendant agreed to repay, and that plaintiff expended the
sum of $881.55 for the necessary material and employing the neces-
sary labor, which sum remains wholly unpaid after demand therefor,
a cause of action to recover that sum is stated.

ID.—FIRST CAUSE OF ACTION SUSTAINED BY PROOF.—It is held that the
proof was amply sufficient to sustain the first cause of action stated
in the complaint.

ID.—EXCESSIVE CHARGE A MATTER OF DEFENSE.—If the amount charged
and claimed as having been necessarily expended in causing the
repairs to be made was excessive or unreasonable, that was a matter
of defense which the defendant was entitled to urge against such
claim.

APPEAL from a judgment of the Superior Court of Ven-
tura County and from an order denying a new trial.  Robert
M. Clarke, Judge.

The facts are stated in the opinion of the court.

Stutsman & Stutsman, for Appellant.

Charles F. Blackstock, for Respondent.

JAMES, J.—Plaintiff purchased from defendant in the year
1909 a motor car for use on its street railway.  Upon being
put to the use for which it was purchased the motor soon be-
came out of order, a number of its parts gave way while it
was being so operated, and plaintiff complained to defendant

that the car was defective in material and workmanship and requested defendant to repair it. After some negotiation was had between the parties, plaintiff caused the repairs to be made upon the car and by this action sought to recover the sum of $841.55 paid out on that account. In its amended complaint the plaintiff first alleged that upon being notified of the defective condition of the car defendant attempted to repair it but failed, and that it then authorized plaintiff to purchase the necessary material and employ the necessary labor for the repair thereof so as to make the car conform to the purposes for which it was sold. It was then alleged: "That said plaintiff under and by authority of said defendant as hereinbefore stated, thereupon purchased material and employed skilled labor in an attempt to repair said car, engine and equipment thereof, all of which was done and performed in the county of Ventura, state of California, and which labor and material amounted to the sum of $841.55, which sum and amount defendant agreed to pay to plaintiff, but that he has not paid the same nor any part thereof, although often requested so to do, and that the said sum of $841.55 and the whole thereof is now due, owing and unpaid." In a second count contained in its complaint plaintiff alleged, after setting forth the circumstances of the sale of the motor car, that after it became in disrepair and its parts broken defendant was notified of the facts, whereupon defendant attempted to repair the car, but failed to put it in good condition, and that thereupon plaintiff purchased the necessary material and employed the necessary labor in an attempt to make the car suitable for the purposes for which it was sold, which labor and material amounted to the sum of $841.55, which sum was the reasonable value thereof. Allegations as to nonpayment and demand followed. In its answer defendant admitted that it had represented the car sold to have standard equipment and that it was good, sound, and substantial and of the best material and that the workmanship on the car and engine were of the highest and best mechanical construction. Upon trial being had testimony was introduced on behalf of plaintiff. A motion for judgment of nonsuit was denied, and, defendant offering no evidence, judgment in favor of plaintiff for the sum of eight hundred dollars was entered. Motion for new trial was thereafter made and de-

nied, and an appeal was then taken from the order denying the motion for a new trial and from the judgment.

We cannot agree with the contention made on behalf of appellant that the complaint of plaintiff failed to state a cause of action. In the first count therein contained the character of the defects which the motor car developed after use were fully set forth, and these defects were such as to entitle plaintiff to damages, considering alone the representations admitted by the answer of defendant to have been made as to the kind and condition of the workmanship and material which had been employed in the manufacture of the car. Having first sufficiently alleged facts showing a breach of contract, plaintiff proceeded then to allege that defendant had attempted to repair the car and failed and had then authorized plaintiff to purchase the necessary material and employ the necessary labor for the repair thereof, and that plaintiff did so purchase such material and labor at an expense of $841.55, which amount it is alleged defendant agreed to pay. Construing these allegations together we think that the cause of action stated was that defendant authorized plaintiff to purchase the necessary material and labor to repair the car, and that defendant's agreement was to pay whatever sum plaintiff necessarily incurred in that behalf. The allegation following, that the sum of $841.55 was agreed to be paid by the defendant to plaintiff, we think, when read in connection with the allegations immediately preceding it, means nothing more than that defendant agreed to pay the expense necessarily incurred, and that the amount stated was the amount which plaintiff had been caused to pay as a necessary expense in repairing the car. If the amount charged and claimed as having been necessarily expended in causing the repairs to be made was excessive or unreasonable, that, as we view it, was a matter of defense which defendant was entitled to urge, and which it did urge, against the claim of plaintiff. We do not construe the language of counsel for plaintiff, when he said at the opening of the trial that he "did not now propose to rely upon the warranty as a warranty, but we are relying upon an express promise that these people made to pay this money, and also upon the *quantum meruit,*" to mean that he abondoned all claim that the machine was not made of good material and under proper work-

manship, for without there having been committed a breach of contract in that regard, or at least a claim that such breach had been committed, there would have been no consideration upon which to rest defendant's alleged promise to pay for the repairs. It seems quite clear to us that this statement was intended only to mean that plaintiff would not rely wholly upon the warranty as to the condition of material and workmanship and proof of a breach thereof, but that it intended to show an express promise made by defendant to reimburse plaintiff, referable to the contention that material and workmanship on the car were deficient in kind and quality, as a consideration therefor. In other words, we cannot assume that plaintiff intended at the outset of the trial to stipulate itself out of court. In our opinion, the proof was amply sufficient to sustain the allegations contained in the first alleged cause of action at least. All of the material testimony pertinent to the issues was furnished by a witness, Mr. Blackburn, and this testimony was offered and received without any objection being interposed thereto on the part of defendant. At one point in the examination of this witness the record contains the phrase, ''Counsel for defendant objects,'' but no grounds are stated showing cause for the objection, and therefore it must be wholly disregarded.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.